UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 1:09-CR-172-01 |
|     Plaintiff, | |
| vs. | |
| Daryl Haynor, | |
|     Defendant. | |

**ORDER**

Following the discharge of the jury in this case, Defendant Haynor renewed his motion for acquittal on Count 2 of the indictment, a motion he made orally at the close of the Government's case-in-chief on January 24, 2013. The Court took the motion under submission at that time. The jury did not return a verdict with respect to Count 2 as it applied to Defendant Haynor. After further consideration of the issue, the Court hereby GRANTS Defendant's motion.

The standard that applies to Defendant's motion for an acquittal under Fed. R. Crim. Proc. 29 is a high one: an acquittal may be granted when, viewing the evidence in the light most favorable to the Government, no rational trier of fact could find Defendant guilty of the charge beyond a reasonable doubt. See, e.g., United States v. Solorio, 337 F.3d 580, 588 (6th Cir. 2003).

Count 2 of the indictment charged Defendant Haynor with corruptly endeavoring to obstruct and impede the due administration of the Internal Revenue Laws of the United States, in violation of 26 U.S.C. § 7212(a). The indictment essentially alleged that at three different audit conferences concerning three SLOTS transactions,

Defendant made or caused to be made certain false statements concerning the residual sales of the tenant leasehold improvements, thus obstructing and impeding the IRS. A conviction under the statute requires evidence that the Defendant acted "corruptly," that is knowingly and dishonestly, with the specific intent to secure an unlawful benefit for himself or for someone else. It also requires evidence that the Defendant "obstructed or impeded" the IRS, that he knowingly did something in a conscious attempt to hinder the IRS in its administration of the tax laws.

      Government Exhibit 1-7 is the Field Service Advice issued by the IRS during its audit of the Rite Aid SLOTS transaction. Defendant persuasively argues that the Advice addresses at some length many aspects of the SLOTS transaction from the vantage point of the taxpayer being audited (in that case, Rite Aid), but mentions the residual sale almost in passing at the end of the document, in a paragraph dealing with the buyer/lessor. The FSA simply notes that it would be "useful" to understand the described residual sale. There is no dispute that the IRS had actual knowledge of the contemplated residual sale of the leasehold improvements with respect to the Rite Aid transaction. The evidence also reflects the fact that, while the IRS issued a large number of independent document requests during the Rite Aid audit (and also with respect to the audits of the three SLOTS clients at issue in Count 2), the IRS did not direct any specific requests to the issue of the residual sale. This was so despite actual knowledge on the part of the IRS about the residual sale, and despite the clause in the Master Leases for the sale/leaseback transaction that contemplated that occurrence. Indeed, many of the Government's witnesses concurred with the basic premise that in order to establish a bona fide sale/leaseback transaction, the asset must be "sold" to the

lessor in a real and substantial way, and that a basic right of "ownership" is the right to sell or dispose of the asset.

The essence of the crime charged in Count 2 is that Defendant acted with the intent to interfere with the IRS' examination of the SLOTS transactions entered into by the three SLOTS retailers, all of which were Defendant's and/or his firm's clients. The evidence at trial revealed that the IRS had voiced little if any substantive concern about this aspect of the SLOTS transactions before any of the three audit conferences. And there was no evidence at trial that any one of the many IRS agents and representatives who participated in the three audit conferences alleged in Count 2 actually made any inquiries about the subject of the residual sales at those conferences. Even assuming that Defendant knew about the residual sales, it is beyond dispute that the IRS also knew and was informed about the issue before the three audit conferences. Given the facts in the record, the Court concludes that there is insufficient evidence that the Defendant corruptly impeded or hindered the IRS in conducting the audits and in reaching its decisions on the allowable tax treatment of the three SLOTS transactions.

For these reasons, the Court concludes that no rational trier of fact, viewing the evidence in the light most favorable to the Government, could find the Defendant guilty beyond a reasonable doubt. Therefore, Defendant's motion for an acquittal on Count 2 of the indictment is GRANTED. In view of this order, the request for a mistrial on Count 2 with respect to Defendant Haynor is MOOT.

SO ORDERED.

Dated: February 6, 2013               s/Sandra S. Beckwith
                                      Sandra S. Beckwith, Senior Judge
                                      United States District Court